## UNITED STATES v. HOLDEN et al.

(District Court, N. D. New York. October 21, 1920.)

1. **Eminent domain** ⬠148—**Owner receiving rents pending condemnation not entitled to interest on value of land.**

The owners of lands, who receive the rents and profits therefrom during the time occupied in fixing the amount of compensation, should not be allowed interest on the valuation of their land from the date of filing of the map, for the inconveniences to which they were subjected during the time so occupied are presumed to have been considered and allowed for in fixing the amount of compensation.

2. **Eminent domain** ⬠148—**Owner, not losing use of land, not entitled to interest pending proceedings.**

The owner is not entitled to interest pending the proceedings, unless he proves that he has in fact suffered loss of the use of the lands by reason thereof.

3. **Eminent domain** ⬠148—**Owner failing to collect rents, not entitled to interest on pending proceedings.**

In proceedings to condemn land to provide a 400-foot channel through the "Narrows" at Lake Champlain, the owner of a tract taken, which was unproductive, except that two houses thereon produced a rental, was not entitled to interest on the award from the date of the filing of the petition, where the government agents merely secured permission, and went into possession for the purpose of surveying, and in no way interfered with the occupation of the premises by the tenants, and collected no rent from them, although the owner made no effort to collect the rents himself.

Condemnation proceedings by the United States, opposed by Clarence E. Holden and others. On application by the named owner for interest on an award. Application denied.

Dennis B. Lucey, U. S. Atty., of Ogdensburg, N. Y.
O. A. Dennis, of Whitehall, N. Y., for Holden.

COOPER, District Judge. This application for interest on an award in compensation proceedings is made by Clarence E. Holden, one of the owners of land at Whitehall, which was taken by the government to provide a 400-foot channel through what is known as the "Narrows" at Lake Champlain. Holden agreed to take $12,000 for his property, and now upon the confirmation of the award he demands interest from

---

⬠For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the date of the filing of the petition on the 3d day of May 1919. While the tract of land in question covers a large area, for the most part it is a swamp and unproductive, with the exception of two rocky promontories, both of which are over 70 feet above the sea level. On one of these knolls are two buildings, for which Holden received $25 a month as rental.

[1] The owners of lands, who receive the rents and profits therefrom during the time occupied in fixing the amount of compensation, should not be allowed interest on the valuation of their land from the date of filing of the map, for the inconveniences to which they were subjected during the time so occupied are presumed to have been considered and allowed for in fixing the amount of compensation. Shoemaker v. U. S., 147 U. S. 282, 13 Sup. Ct. 361, 37 L. Ed. 170.

[2] The owner is not entitled to interest pending the proceedings, unless he proves that he has in fact suffered loss of the use of the lands by reason thereof. Town of Hingham v. U. S., 161 Fed. 299, 88 C. C. A. 341, 15 Ann. Cas. 105; Bauman v. Ross, 167 U. S. 548, 17 Sup. Ct. 966, 42 L. Ed. 270. See, also, United States v. Town of Nahant, 153 Fed. 525, 82 C. C. A. 470.

[3] The government agents, by securing permission and going into possession for the purpose of surveying, in no way interfered with the occupation of the premises by the tenants. They collected no rent, and had no authority to collect any, because the title to the property was not in the government. According to the affidavit of the claimant himself, he made no effort to collect the rents of his own houses, and when, in August, 1919, the tenants offered to pay him the rent up to that time, he refused it, and at their request received the sum of $45, claiming that he held it subject to government demand.

The claimant having made no effort to collect the rents since that time, and he being the only one entitled to do so, he must look for redress to the tenants to secure the balance of the income and profits to which he ordinarily would have been entitled. As the land is not productive, and never has been productive, he has lost nothing by the government entering upon the land, and so is not entitled to interest.

The application for interest is therefore denied.